# THIRD DEPARTMENT.

## GENERAL TERM, NOVEMBER, 1874.

---

### RIGHTMIRE v. KIMBALL.

*Justices' court — money paid to justice on appeal.*

For the purpose of taking an appeal from a judgment rendered by a justice of the peace against R., plaintiff left with the wife of the justice at his house $7, supposed to be enough to pay the costs and return fee. It was insufficient, and the justice applied the $7 on the judgment. *Held,* that the money when paid to the justice became the property of R. and no longer that of plaintiff, and plaintiff could not maintain an action against the justice for the same.

APPEAL by defendant from a judgment of the Tioga county court reversing a judgment of a justice of the peace.

The action was brought by Nathan Rightmire against Anson M. Kimball to recover $7 paid by plaintiff and received by defendant under the following circumstances: A judgment was recovered before the defendant as a justice of the peace against one James L. Rightmire for $11.40 damages and $5.55 costs. Within twenty days after the rendition of such judgment, plaintiff served upon the defendant's wife a notice of appeal from the same, and left with her $7, supposed to be sufficient to pay the costs and justice's return fee, to be applied to those purposes. As it was insufficient, the defendant, when the time to appeal had expired, applied the $7 to the payment of the judgment, and the balance was collected on execution against James L. Rightmire.

The plaintiff, after demanding the $7 of defendant, brought this action for the recovery thereof. Upon these facts the justice of the peace rendered judgment for the defendant. Upon appeal to the Tioga county court, such judgment was reversed with costs.

The defendant appealed to this court from such judgment of reversal.

*A. McDowell,* for appellant.

*Charles D. Nixon,* for respondent.

BOARDMAN, J.   The learned county judge in reversing the justice's judgment has overlooked the nature and effect of this transaction.   He is quite correct in the principles of law laid down, but are they applicable to this case?

The plaintiff in this action in paying the $7 could not act for himself, for he was not a party to that action.   James L. Rightmire only could give the notice of appeal and pay the $7.   What defendant did was as the agent of James L.   The money was paid for James L. and not for himself.   He was a stranger to the case and had no right to interfere therewith.   In the hands of the justice such money was the property of James L.   As the appeal was ineffectual by reason of the deficiency of moneys paid, the justice was right in applying it to the payment of the judgment so far as it would go.   As the money was paid for the use of James L., he only could complain of its application.   By application to the court it is possible the defect in his appeal might have been obviated.   But upon no principle is it obvious that the plaintiff retained any interest in the money after paying it to the justice in the interest and for the benefit of James L. Rightmire.

The $5.55 was applied as requested in satisfaction of the costs. In the view taken it is not necessary to decide whether the action could be maintained for the remaining $1.45 after a demand and refusal of the entire $7.   It is at least quite doubtful.

For the same reason it is not necessary to consider how far plaintiff's conduct went to ratify the application of the $7 generally upon the judgment by paying or advancing the money to pay the balance of the judgment.

For the reason that the $7 when paid to the justice became the property of James L. Rightmire and no longer the property of the plaintiff, the plaintiff could not maintain this action.

The judgment of the county court should therefore be reversed and that of the justice affirmed, with costs

*Judgment accordingly.*